**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

HONGBIN HUANG,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.     15-70040

Agency No. A205-286-372

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 13, 2019[**]
Honolulu, Hawaii

Before:  THOMAS, Chief Judge, and CALLAHAN and CHRISTEN, Circuit
Judges.

Hongbin Huang, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' (BIA) order dismissing his appeal from an

immigration judge's (IJ) decision denying his application for asylum, withholding

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of removal, and protection under the Convention Against Torture (CAT). We review factual findings for substantial evidence. *Bhasin v. Gonzales*, 423 F.3d 977, 983 (9th Cir. 2005). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition. Because the parties are familiar with the history of this case, we need not recount it here.

I

Substantial evidence supports the BIA's determination that Huang did not establish "changed circumstances" or "extraordinary circumstances" so that his asylum application should have been considered notwithstanding its late filing. *See* 8 U.S.C. § 1158(a)(2)(D). The only changed condition Huang cites is a lawsuit filed against him in China seeking repayment of a bank loan. However, when Huang left China, he already knew that he was delinquent and in danger of being sued before he left. While the knowledge of a lawsuit filed against him may have intensified his fear, it does not constitute a changed circumstance that materially affected his eligibility for asylum. *See* 8 C.F.R. § 1208.4(a)(4).

Moreover, Huang argues that the following extraordinary circumstances directly related to his failure to timely file his application: he did not speak English, was working seven days a week, and was isolated because he lived in a dormitory with other foreign workers. The BIA determined, however, that he

could have accessed asylum information over the internet, is literate in Chinese, was in contact with a friend and relative who had worked in Guam who had been an H2B worker himself, has a high level trade skill in construction, and lived on the small island of Guam that has a Department of Homeland Security sub-office that he could have consulted. *See Lianhua Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014) (holding that the substantial evidence standard is "extremely deferential" and courts must uphold administrative findings of fact "unless any reasonable adjudicator would be compelled to conclude to the contrary") (internal quotation marks omitted). In short, though there were circumstances that may have made it more difficult for Huang to seek asylum in a timely manner, he was nonetheless capable of filing on time. Thus, Huang's petition for asylum is statutorily barred.

II

The BIA's determination that Huang is ineligible for withholding of removal because he failed to establish an adequate nexus to a protected ground is supported by substantial evidence. Huang argues that the police used violence on him and a crowd assembled before the provincial building because of their anti-corrupt political opinion. However, the police accepted the crowd's complaint letter, did not seek further action against the crowd once it disbursed, and instructed the

3

crowd to take their complaint to the county government. These facts are consistent with the BIA's determination that the police took action—not because they wanted to harass the crowd for their political opinion—but because they perceived the crowd as causing a public disturbance.

Huang also notes that bank officials came to his home asking for his delinquent loan payment immediately after he returned from turning in the above mentioned complaint letter. He asserts that this is evidence that he was retaliated against for his political opinion. However, Huang admitted that his bank loan became due around the same time as his political activities. Thus, substantial evidence supports the BIA's determination that Huang is ineligible for withholding of removal.

## III

The BIA's determination that Huang is ineligible for CAT protection is supported by substantial evidence. The record does not compel the conclusion that Huang was tortured in the past or that he more likely than not would be tortured at the instigation of, or with the acquiescence of, the Chinese government if returned. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**

4